UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE GONZALES, et al.,<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br><br>Defendant. | No. 1:18-cv-01744-DAD-BAM<br><br>ORDER DENYING MOTION TO AMEND PLAINTIFFS' COMPLAINT<br><br>(Doc. No. 22) |

Plaintiffs Rosalie Gonzales, Orlando Gonzales, and Gonzales Farms ("plaintiffs") filed their initial complaint against defendant BNSF Railway Company in Fresno County Superior Court on October 11, 2018. (Doc. No. 1 at 6.) Defendant removed the case to this court on December 27, 2018. (Doc. No. 1.)

On March 28, 2019, the assigned magistrate judge set a briefing schedule for plaintiffs' anticipated motion for leave to file an amended complaint to name additional necessary parties. (Doc. No. 16.) The court's minute order specified that "[a]ny stipulated amendments or motions to amend the pleadings shall be filed by April 30, 2019." (*Id.*) However, the parties did not file a stipulation and proposed order seeking to allow the filing of an amended complaint until May 20, 2019, nearly a month after the deadline set by the court to move to amend the pleadings. (Doc. No. 18.)

/////

1

Thereafter, on June 6, 2019, a scheduling conference was held in this action at which time the assigned magistrate judge rejected the parties' stipulation to amend the complaint (Doc. No. 18) without prejudice because the stipulation was untimely and did not comply with Local Rule 220. (Doc. No. 21.) The assigned magistrate judge also advised the parties that any future motions to amend the pleadings must comply with the Local Rules and demonstrate good cause to modify the court's scheduling order pursuant to Federal Rule of Civil Procedure 16. (*Id.*)

On June 13, 2019, the parties filed a second stipulation and proposed order seeking authorization for the filing of plaintiffs' amended complaint that names two additional defendants. (Doc. No. 22.) The court will construe the parties' second stipulation as a motion for leave to modify the scheduling order and to amend plaintiffs' complaint.

**LEGAL STANDARD**

A motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, because a pretrial scheduling order has been filed in this action pursuant to Rule 16, "that rule's standards control" the resolution of this motion to amend. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).

**DISCUSSION**

**A. Good Cause Under FRCP 16(b)**

Under Rule 16(b), a party seeking to modify a schedule must demonstrate good cause. Fed. R. Civ. P. 16(b)(4). The good cause standard primarily considers the "diligence of the party seeking amendment." *Johnson*, 975 F.2d at 609. The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiffs have not shown good cause to modify the scheduling order. Indeed, they have not even attempted to do so. On March 28, 2019, the court accommodated plaintiffs' intent to amend their complaint to name additional necessary parties by setting an April 30, 2019 deadline to file any stipulated amendments or motions to amend the pleadings. (Doc. No. 16.) The

parties, however, did not file their initial stipulation with the court until May 20, 2019 (Doc. No. 18), and their second stipulation was not filed until June 13, 2019 (Doc. No. 22). The second stipulation at issue here is silent as to plaintiffs' diligence in seeking amendment of the Rule 16 order and as to why the parties failed to file the stipulation permitting the filing of an amended complaint before the court established deadline in the first instance. *See Forte v. Cty. of Merced*, No. 1:11-cv-00318-AWI-BAM, 2014 WL 1747166, at *2 (E.D. Cal. Apr. 30, 2014) ("In order to demonstrate diligence, plaintiff must show whether he . . . was diligent in seeking amendment once the need to amend became apparent. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."). Thus, the court finds that plaintiffs have not shown good cause to modify the March 28, 2019 briefing schedule. To the extent the parties request additional modification to the deadlines set forth in the scheduling order, such requests may be submitted to the assigned magistrate judge.

**B. Leave to Amend under FRCP 15(a)**

If good cause is shown, the party must then demonstrate that amendment was proper in light of Rule 15(a)'s liberal standard. Rule 15(a) provides that leave to amend the pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)).

Because plaintiffs have not demonstrated good cause in this instance, the court will refrain from analyzing the proposed amended complaint under Rule 15(a). However, if plaintiffs are able to demonstrate good cause under Rule 16(b) to modify the scheduling order and file a second motion for leave to amend, the court has no reason to believe that amendment of plaintiffs' complaint would prejudice the opposing party, is sought in bad faith, produces undue delay, or is futile since the motion was initially filed as an untimely joint stipulation. *See AmerisourceBergen*

*Corp.*, 465 F.3d at 951.  Counsel in this matter are advised that they, like all other litigants before the court, must comply with this court's orders as well as with the Federal Rules of Civil Procedure and the Local Rules of the court.

**CONCLUSION**

For the reasons stated above, plaintiffs' motion for leave to modify the scheduling order and to amend plaintiffs' complaint (Doc. No. 22) is denied without prejudice.

IT IS SO ORDERED.

Dated: **August 6, 2019**

UNITED STATES DISTRICT JUDGE